**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HICA EDUCATION LOAN
CORPORATION,

                **Plaintiff,**

v.                                            Case No:   **6:14-cv-1155-Orl-18GJK**

KEVIN D. CORK,

                **Defendant.**

---

**REPORT AND RECOMMENDATION**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT (Doc. No. 14)**
>
> **FILED:**      **November 14, 2014**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

### A.  The Complaint.

      On July 17, 2014, Plaintiff filed a complaint (the "Complaint") against Defendant seeking enforcement of a federally guaranteed Health Education Assistance Loan that was signed by Defendant pursuant to the provisions of the United States Health Education Assistance Loan Program, 42 U.S.C. § 292 et seq. and 42 C.F.R. Part 60.   Doc. No. 1.   The Complaint contains the following relevant allegations.   On April 29, 1995, Defendant signed a promissory note (the "Note") borrowing $26,667.15 from the Student Loan Marketing Association ("SLMA").   Doc.

Nos. 1 at ¶ 5; 1-1 at 1-3.[1]   The sum set forth in the Note was "loaned and advanced to Defendant."

Doc. No. 1 at ¶ 6.   On November 24, 2003, SLMA "sold, transferred, and assigned" the Note to

Plaintiff, who is the current owner/holder of the Note.   Doc. Nos. 1 at ¶ 7; 1-1 at 4-7.[2]   Defendant

has since failed to make the required payments on the Note, and therefore is in default.   Doc. No.

1 at ¶¶ 8, 10.   Under the terms of the Note, Plaintiff is entitled to collect the unpaid amounts due

and owing under the Note, including, but not limited to, the unpaid principal, interest, and late

charges.   *Id.* at ¶¶ 11-13.[3]   Accordingly, Plaintiff requests judgment against Defendant and

damages including the unpaid principal, unpaid prejudgment interest, unpaid late charges, and

post-judgment interest at the rate set forth in the Note.   *Id.* at 4.   Plaintiff also requests an award

of attorney's fees and costs.   *Id.*

### B.  Clerk's Default.

On September 18, 2014, Plaintiff filed a return of service, in which the process server

averred that Defendant was personally served on August 26, 2014.   Doc. No. 6 at 2-3.   On

November 10, 2014, Plaintiff filed a Verified Motion for Clerk's Default under Federal Rules of

Civil Procedure 55(a) against Defendant, representing that Plaintiff "has not filed any paper or

pleading in this action" within the time provided by the Federal Rules of Civil Procedure.   Doc.

No. 12.   On November 12, 2014, the Clerk of Court entered default against Defendant.   Doc. No.

13.

---

[1] The Note is attached to the Complaint.   Doc. No. 1-1 at 1-2.

[2] The agreement transferring the Note from SLMA to Plaintiff is attached to the Complaint.   Doc. No. 1-1 at 4-5.

[3] In the Complaint, Plaintiff alleges that the following amounts remain unpaid: 1) $20,714.54 of the principal; 2) $450.16 in interest; and 3) $2.83 in late charges.   Doc. No. 1 at ¶ 11.

### C.  Motion for Default Judgment.

On November 14, 2014, Plaintiff filed a Motion for Default Judgment (the "Motion"). Doc. No. 14.   Attached to the Motion is the declaration of Robin Zimmermann, an employee of Navient Solutions, Inc., the servicing agent for Plaintiff.   Doc. No. 14-1 at ¶ 1.   Ms. Zimmermann declares that as of September 18, 2014 – the date of her declaration – Defendant owed Plaintiff the following amounts under the Note: 1) $20,714.54 in unpaid principal; 2) $650.43 in accrued, unpaid interest; 3) $2.83 in unpaid late charges; and 4) interest through the date of judgment at the rate of $1.77 per day.   *Id*. at ¶ 2.   Plaintiff maintains that the allegations in the Complaint and the evidence presented in support of the Motion demonstrate that it is entitled to default judgment against Defendant "in the amount of $21,367.80, plus additional prejudgment interest from September 19, 2014 to the date of judgment at the rate of $1.77 per day" and post-judgment interest at the rate set forth in the Note or, in the alternative, the rate established pursuant to 28 U.S.C. § 1961.  Doc. No. 14 at 2 n.1.   Plaintiff does not request an award of attorney's fees or costs.   *See Id*.

## II.    <u>STANDARD OF REVIEW.</u>

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.   Fed. R. Civ. P. 55(a).   However, the mere entry of default by the Clerk does not in itself warrant the entry of default judgment by the Court.   *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

entered.   *Id.*; *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").   A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal.   *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).   Although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Notwithstanding the propriety of default judgment against a defendant, it remains incumbent on the plaintiff to prove the amount of damages to which he or she is entitled.   "While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."   *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007); *Whole Space Indus., Ltd. v. Gulfcoast Int'l Prods., Inc.*, Case No. 2:09-cv-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (same).   Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]"   *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were speculative and not proven by a fair preponderance of the evidence).

The Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial

determination of damages absent a factual basis in the record," even where the defendant is in default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See Id*. at 1232 n.13; *see also Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

## III.   **ANALYSIS.**

To recover on a promissory note, the plaintiff must establish the following: 1) defendant signed the note; 2) plaintiff is the present owner of the note; and 3) the note is in default. *HICA Educ. Loan Corp. v. Perez*, Case No. 2:11-cv-711-FtM-29SPC, 2012 WL 4336026, at *1 (M.D. Fla. Sept. 20, 2012) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1992)). Here, the Complaint contains the following relevant allegations: 1) Defendant signed the Note on April 29, 1995 (Doc. Nos. 1 at ¶ 5; 1-1 at 1); 2) Plaintiff is the present owner of the Note (Doc. Nos. 1 at ¶ 7; 1-1 at 4-5); and 3) the Note is in default due to Plaintiff's failure to make the required payments thereon (Doc. No. 1 at ¶¶ 8, 10). Accepting these well-pled allegations as true, the undersigned finds that Plaintiff has sufficiently pled a claim to enforce and recover on the Note. Accordingly, it is **RECOMMENDED** that the Court find that Plaintiff is entitled to a default judgment on its claim against Defendant.

The amount Plaintiff seeks to recover under the Note is a sum certain, thus there is no need for a hearing on damages.  Ms. Zimmermann declares that as of September 18, 2014 – the date of her declaration – Defendant owes Plaintiff the following amounts under the Note: 1) $20,714.54 in unpaid principal; 2) $650.43 in accrued, unpaid interest; 3) $2.83 in unpaid late charges; and 4) interest through the date of judgment at the rate of $1.77 per day.  Doc. No. 14-1 at ¶ 2.  The declaration is uncontroverted.  Accordingly, it is **RECOMMENDED** that the Court find that Plaintiff is entitled to recover the amounts set forth in Ms. Zimmermann's declaration, as well as post-judgment interest at the rate set forth in the Note.

**IV.    CONCLUSION.**

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 14) be **GRANTED**; and

2. The Clerk be **DIRECTED** to enter judgment as follows:

    a. Enter judgment in favor of HICA Education Loan Corporation and against Kevin D. Cork, in the principal amount of $21,367.80;[5]

    b. Award HICA Education Loan Corporation prejudgment interest from September 19, 2014, to the date of judgment at the rate of $1.77 per day; and

    c. Award HICA Education Loan Corporation post-judgment interest at the contractual rate set forth in the Note (Doc. No. 1-1 at 2), which is stated as a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills

---

[5] This figure is calculated as follows: $20,714.54 (unpaid principal) + $650.43 (unpaid interest calculated through September 18, 2014) + $2.83 (unpaid late charges) = $21,367.80.

auctioned during the preceding quarter, plus three (3) percent, rounding this figure up to the nearest one-eighth (1/8) of one (1) percent.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 3, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy